AETNA INSURANCE CO. *v.* J. W. STRICKLE ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—535.]

**Proof of Loss on Insurance Policy.**

Where an insurance company refuses to pay a loss because it claims that the insured burned the property insured, the failure of the insured to make proper proof of loss within a reasonable time can not be relied upon as a defense.

**Proof of Loss on Fire Policy.**

In case of a. fire consuming all the goods in a store room and all the books and accounts of the insured, proof by the insured and

his clerk by affidavits showing such fact and the amount and value of property destroyed, according to their recollection, is sufficient, especially where the company is defending on another ground.

### APPEAL FROM WARREN CIRCUIT COURT.

January 19, 1882.

OPINION BY JUDGE PRYOR:

The question raised by the general demurrer to the petition is disposed of by reference to the answer. The affirmative averment found in the petition to the effect that the appellees had complied fully with all the conditions precedent on their part is not only traversed by the answer, but that pleading designates the conditions dependent upon a recovery after the destruction of the property insured, and then by specific statements sets forth each and every condition, and the failure of the appellees to comply with the same. This cured the defect in the petition, and the reply of the appellees, with the rejoinder, surrejoinder, etc., presented an entire pleading conforming to the most technical rules found in the elementary books on the subject.

There really were but two questions involved in this case arising on the pleadings and proof. The first was, did the appellees make to the agent a fraudulent representation as to their stock of goods and their value? Second, did the appellees or either of them set fire to the building or cause it to be done? There is much said in both the pleadings and briefs as to the failure of the appellees to make the proper proof as to the loss, and their failure to satisfy the company in a reasonable time, but it is evident that the company have concluded not to pay the loss, and based this action upon the cause of defense already stated. Besides, the proof clearly shows that the building and contents of the store were entirely consumed, including the books of accounts, invoice, bills, etc., and there was no other character of proof to be obtained than that presented to the company. A schedule of the entire stock on hand was made from memory by the appellees and the clerk. This the company had. They made the affidavits of the loss as required by the policy, and obtained a certificate from the magistrate in direct compliance with the policy. They submitted, to be interrogated by the agent of the company under oath, and signed the statement, except one, who

declined to sign his, although a sworn statement, by reason of what he considered to be certain improper and irrelevant questions propounded to him affecting his moral character. The agent lived in the town and knew of the loss. The names of the parties from whom they purchased their goods were submitted to the agent or adjuster of the losses, and on the whole case the preliminary proof of the loss and contents was ample and authorized payment, unless the real defense to the recovery could be made out. The failure to instruct as to the character of preliminary proof was immaterial, as from the exhibition made by the company of the written evidences of the loss, forwarded by the appellees, and the examination made by the agent of the parties themselves, the proof was sufficient to require payment. None other could have been made, and the appellees were not required to hunt up every party of whom they purchased to show the nature of the store and its value, as their own affidavits and that of Patterson, with the certificate of the magistrate, and their personal examination by the agent were sufficient.

With the two real grounds of defense this court has but little to do. As to the alleged fraudulent misrepresentation of the stock and its value the jury were the sole triers of that question. The appellees and Patterson swear as to the stock and its value, and besides, the local agent lived in the same city with the appellees, and had previously insured this stock of goods in another company for $2,000. It is scarcely to be presumed that one being in a small city and engaged in the business of insurance would not have some idea of the magnitude of the business in which the parties insured were engaged, and certainly would not insure first for $2,000 and then for an additional sum of $1,000, when the business was so trifling and the stock so valueless as to be known to men of scarcely any business habits living in the same vicinity. The proof on the one side fixes the value at the date of insurance at $4,200, on the other at $700 or $800. It was the province of the jury to decide the one way or the other. They saw proper to give full credence to the statements of the appellees and their clerk or salesman, and this proof certainly authorized the verdict.

As to the alleged charge of burning the property in order to obtain the insurance, the jury disregarded the positive testimony of one who made oath that the appellees, or one of them, had paid

him to burn other property, and had attempted by the offering of money to induce him to burn the property in controversy. This statement came from a witness of bad repute, is superfluous in its detail, and so incredible as to create grave doubts as to its truth. All the facts and circumstances were considered by the jury, and even the opinions of witnesses; and the details of conversations with others made up the mass of testimony affecting the character of the appellees and the probability of their having been instrumental in causing the destruction of their property. Still, the jury returned a verdict for the appellees. That verdict can not be disturbed on the facts.

The jury were also required to respond to various special interrogatories by the court:

1. What was the value of the plaintiff's stock at the date of insurance? Ans. $4,200.

2. What was the value at the date of the fire? Ans. $3,300.

3. Did plaintiffs make full and complete proof of loss, as required by the terms of the policy, and furnish them to defendant sixty days before suit? Ans. Yes. It is insisted that the court should have told the jury what preliminary proof was necessary and thus left them to decide whether or not this proof had been furnished. This may be true, but, as already stated, the defendant's own testimony shows that all the proof was furnished that the case was susceptible of, and looking to the defendant's proof alone, it was sufficient. Their own agent knew the policy of $2,000 was on the property and had himself effected the insurance.

4. Did or not plaintiffs or either of them use all possible diligence in saving or preserving the property insured? Ans. Yes.

5. Did sixty days elapse before the date of filing the last paper of their proof of loss and the filing of this suit? Ans. Yes.

So if all the instructions had been refused, these plain, simple and easily understood issues placed in the form of interrogatories cured any and all defects in the instructions, and having been answered in the affirmative, the general verdict necessarily followed.

Besides, the court gave to the jury at the instance of the defendant an instruction, "that it was the duty of the plaintiffs under the terms of the policy to have prepared and forwarded to defendant an intelligible proof of their claims, and unless they

did so, or were induced not to do so by defendant, they will find for defendant."

The proof was intelligible and sufficient, and there is no doubt but the insurance would have been paid but for the other defenses relied on. Some ten or twelve instructions were given for the defendant covering the entire law of the case and there is no reason for reversing this judgment either on the instructions or the testimony.

Judgment *affirmed.*

Bush & Porter, Porter & Porter, for appellant.

J. W. & Geo. R. Gorin, Halsell & Mitchell, for appellees.